IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **INNOCENT OBI ENWEZE,** | * | |
| Appellant, | * | |
| v. | * | |
| | * | District Case No.: GJH-16-2149 |
| **BAYVIEW LOAN SERVICING, LLC,** | * | |
| | * | Bankruptcy Case No: 15-26859 |
| Appellee | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case is before the Court on appeal from the Order of the Bankruptcy Court, which terminated the Automatic Stay halting foreclosure proceedings of the Property belonging to Appellant Innocent Obi Enweze ("Enweze"). Appellee Bayview Loan Servicing, LLC ("Bayview") has filed a Motion to Dismiss the Appeal as Moot, ECF No. 9. Oral argument is deemed unnecessary in this case because the facts and legal arguments are adequately presented in the briefs and records, and the decisional process would not be significantly aided by oral argument. Fed. R. Bankr. P. 8019; *see also* Loc. R. 105.6. Because the Court finds the appeal to be moot, the appeal is dismissed. The Motion to Dismiss the Appeal as Moot, ECF No. 9, is granted.

**I.    BACKGROUND**

Enweze was the owner of the Property located at 14903 Habersham Circle, Silver Spring, MD (the "Property"). ECF No. 6 at 5.[1] Bayview Loan Servicing, LLC was the mortgage lender. *Id.* On July 29, 2015, a foreclosure action was filed against the Property. *Id.* On or about

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

November 23, 2015, the Property was sold at a foreclosure auction and purchased by a third-party, JLG Investments. *Id.* Prior to the "ratification"[2] of sale, Enweze filed a Chapter 13 bankruptcy petition[3] on December 5, 2015. *Id.* Filing the bankruptcy petition initiated an Automatic Stay on the foreclosure proceedings. *See id.*

Bayview filed a Motion for Relief from the Stay, arguing that Debtor Enweze had "no interest in the property because the foreclosure sale held on November 17, 2015, prior to the filing of bankruptcy, divested the mortgagor [Enweze] of all rights of redemption and vested equitable title in the purchaser [JLG] at the foreclosure sale." ECF No. 2-1 at 1. In response, Enweze argued that because "the foreclosure auction had not yet been ratified by the Circuit Court," he was still able to "save the Property through a Chapter 13 Plan," based upon his remaining retention of "legal title"[4] to the Property. *See* ECF No. 6 at 5–9. Enweze relied primarily upon the case of *Ocwen Loan Servicing, LLC v. Kameni*, PJM 14-877, 2014 WL 3563658 (D. Md. July 17, 2014), in which the District Court affirmed the Bankruptcy Court's retroactive extension of the automatic stay, where the Debtor had filed for bankruptcy before the foreclosure sale had taken place, but after the sale had been scheduled.[5] ECF No. 2-5 at 1–4.

---

[2] After a foreclosure sale, the lender submits certain documents to the circuit court, including a report of sale. *Scott v. Bierman*, 429 F. App'x 225, 229 (4th Cir. 2011) (citing Md. Rule 14–305(a)). "The circuit court then issues a notice of sale and, if no exceptions to the sale are filed within 30 days, the circuit court 'shall ratify the sale.'" *Id.* (citing Md. Rule 14–305(e)). "A circuit court's ratification of a foreclosure sale certifies that the court viewed the sale as fair, and constitutes a final resolution of the sale." *Id.* (internal citations omitted).

[3] Chapter 13 bankruptcies under 11 U.S.C. § 1301 *et seq.* "are designed to allow certain debtors with regular income to keep their property and to pay their debts according to a court-approved plan." *Uplinger v. Commonwealth of Virginia*, 561 B.R. 56, 57 (E.D. Va. 2016).

[4] Upon a foreclosure sale in Maryland, equitable title vests in the purchaser, while the "bare" or "dry" legal title remains in the mortgagor until the court ratifies the sale and the purchase money is paid. *See generally, Empire Properties, LLC v. Hardy*, 386 Md. 628, 642–47 (2005); *In re De Souza*, 135 B.R. 793, 795–96 (Bankr. D. Md. 1991).

[5] *Kameni* also involved "a misstep by the Bankruptcy Clerk's office," in that Debtor Kameni did not receive an immediate hearing on her emergency motion, as happens typically, and the District Court reasoned that "it was not her fault that the hearing was not scheduled until after the foreclosure sale took place." ECF No. 2-5; *see Ocwen Loan Servicing, LLC v. Kameni*, PJM 14-877, 2014 WL 3563658 (D. Md. July 17, 2014). No such misstep occurred here.

The Bankruptcy Court rejected this argument at Enweze's bankruptcy hearing held June 2, 2016, holding that *Kameni* did not apply in Enweze's case, and rather, that the case of *In re Denny*, 242 B.R. 593 (Bankr. D. Md. 1999) was precedent. Doc. 76 at 4.[6] The Bankruptcy Court reasoned that *Kameni* involved a special set of factual circumstances, *id.* at 4, and further noted that the debtor has only a "scintilla of rights" after the foreclosure sale, and potential protections and defenses are able to be pursued in state court. *Id.* at 5. The Bankruptcy Court therefore granted Bayview's Motion for Relief from Automatic Stay, which allowed the sale to proceed to ratification. *Id.* Enweze appealed the decision to this Court on June 16, 2016, arguing that the Bankruptcy Court erred by lifting the Stay post-foreclosure sale but pre-ratification. ECF No. 6. Enweze requested that the Court "reverse the decision of the Bankruptcy Court, and reinstate the stay." *Id.* at 7.

While the appeal was pending, the Circuit Court for Montgomery County entered an Order of Ratification of Sale on August 26, 2016. ECF No. 9 at 2. Bayview subsequently filed a Motion to Dismiss the Appeal as Moot on October 12, 2016. ECF No. 9. Bayview argued that "Appellant's appeal argument is moot because the sale has ratified." *Id.* at 3. Enweze filed his Response in Opposition on November 3, 2016. ECF No. 10. Enweze contended that "if the Court reverses [the Bankruptcy Court's] decision, Mr. Enweze could file a motion with the Montgomery County Circuit Court to vacate the ratification order." *Id.* at 2–3. The Court has reviewed the record and relevant case law, and now finds the appeal to be moot.

II.     ANALYSIS

The Court "may dismiss a bankruptcy appeal if it appears that the case has become either constitutionally or equitably moot." *Walker v. Grigsby*, No. CIV.A.AW-06-62, 2006 WL 4877450, at *2 (Bankr. D. Md. Apr. 11, 2006). This appeal is both. Under the doctrine of

---

[6] Doc. 76 refers to the Transcript of Hearing before the Hon. Wendelin I. Lipp, Case No. 15-26859.

3

constitutional mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). Thus, federal courts must refrain from rendering judgments that would amount to mere "advisory opinions." *See Williams v. Johnson*, 386 F. Supp. 280, 283 (D. Md. 1974) (citing *Muskrat v. United States*, 219 U.S. 346 (1911)). To survive a challenge of mootness, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision." *Iron Arrow Honor Society*, 464 U.S. at 70. Accordingly, an appeal must be dismissed as moot when "an event occurs while a case is pending appeal that makes it impossible for the court to grant 'any effectual relief what[so]ever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). Additionally, under the doctrine of equitable mootness, the Court may also exercise its "discretion in matters of remedy and judicial administration" to avoid results that are "impractical, imprudent, and therefore inequitable." *Walker*, 2006 WL 4877450, at *3.

Here, Enweze's injury cannot be redressed by a favorable judicial decision. Enweze asks this Court to "reinstate the stay," and his entire argument on appeal is that he should be permitted to "save" the Property in a Chapter 13 bankruptcy plan because the sale had not yet been ratified. ECF No. 6 at 5. However, not only is it undisputed that Enweze's Property has already been sold at a foreclosure auction, but also that the sale has now been ratified by the Circuit Court. ECF No. 9 at 2; ECF No. 10 at 2. Because Enweze failed to obtain a stay in the interim, the bankruptcy appeal is moot. *See In re March*, 988 F.2d 498, 499 (4th Cir. 1993) (citing *In re Sullivan Central Plaza, I, Ltd.*, 914 F.2d 731, 733 (5th Cir. 1990) ("If the debtor fails to obtain a

4

stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly, the appeal will be moot."); *In re Lashley*, 825 F.2d 362, 364 (11th Cir. 1987) ("When a debtor does not obtain a stay pending appeal of a bankruptcy court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal.")).

This case is also moot as an equitable matter because a third-party, JLG Investments, has purchased the Property through the foreclosure sale, and that sale has been ratified. Hence, reversing the Bankruptcy Court's Order could act to impair the rights of third parties. *See In re McLean Square Assocs., G.P.*, 200 B.R. 128, 133 (E.D. Va. 1996) (holding that bankruptcy appeal was also moot on equitable grounds where reversal of bankruptcy court's order would seem to require a third party to vacate the premises); *Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 626 (4th Cir. 2002) (holding that reversing order of bankruptcy court would require undoing of financial transactions involving third parties, and thus appeal was equitably moot). Because it is impossible to award effective relief at this juncture, and attempting to do so could lead to inequitable results, the case must be dismissed.[7]

---

[7] Even assuming *arguendo* that the appeal is not moot, it would not be successful on the merits. *In re Denny*, cited by the Bankruptcy Court, makes clear that in Maryland, "the [foreclosure] sale is complete 'when the gavel falls,' and that the debtor has no right thereafter to cure a default under Section 1322 [of the Bankruptcy Code]." *In re Denny*, 242 B.R. 593, 594 (Bankr. D. Md. 1999); *see also In re Shirley*, 30 B.R. 195, 196 (Bankr. D. Md. 1983) (noting that although legal title does not pass to the buyer until ratified by the equity court, "[t]he sale divests the mortgagor of all rights of redemption remaining in the mortgagor at the time of the sale."). Hence, the Bankruptcy Court here did not err by lifting the stay based upon the pre-petition foreclosure sale of Enweze's Property.

### III.  CONCLUSION

For the foregoing reasons, Bayview's Motion to Dismiss the Appeal as Moot, ECF No. 9, is granted. A separate Order shall issue.

Date: February 7, 2017

George J. Hazel
United States District Judge